**Exhibit A**
**Declaration of Joseph A. Bondi**

7235273_3

**UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| The Philadelphia Orchestra Association, *et al.*,[1] | ) Case No. 11-13098 (ELF) |
| Debtors. | ) Jointly Administered |

**DECLARATION OF JOSEPH A. BONDI IN SUPPORT OF APPLICATION OF
DEBTORS THE PHILADELPHIA ORCHESTRA ASSOCIATION AND ACADEMY OF
MUSIC OF PHILADELPHIA, INC. TO EMPLOY AND RETAIN, *NUNC PRO TUNC*
TO THE PETITION DATE, ALVAREZ & MARSAL NORTH AMERICA, LLC
AS THEIR FINANCIAL ADVISORS PURSUANT TO
SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE**

**Joseph A. Bondi**, being duly sworn, hereby states as follows:

1. I am a Managing Director with Alvarez & Marsal North America, LLC (together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly owned subsidiaries, "**A&M**"), a restructuring advisory services firm with numerous offices throughout the country. I submit this declaration on behalf of A&M (the "**Declaration**") in support of the Application of Debtors The Philadelphia Orchestra Association ("**POA**") and Academy of Music of Philadelphia, Inc. ("**AOM**") to Employ And Retain, *Nunc Pro Tunc* to the Petition Date, Alvarez & Marsal North America, LLC as Their Financial Advisors Pursuant to Sections 327(a) and 328 of the Bankruptcy Code (the "**Application**") on the terms and conditions set forth in the Application and the engagement letter between Debtors

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are The Philadelphia Orchestra Association (2289), Academy of Music of Philadelphia, Inc. (1159), and Encore Series, Inc. (6689). The bankruptcy cases of Debtors POA and AOM are being jointly administered. Currently, Debtor Encore Series, Inc. ("ESI") is also part of these jointly administered chapter 11 cases, pending entry of an order severing ESI from these jointly administered cases.

7235273_3

POA and AOM and A&M attached to the Application as Exhibit B (the "**Engagement Letter**"). Except as otherwise noted,[2] I have personal knowledge of the matters set forth herein.

## Disinterestedness and Eligibility

2. A&M together with its affiliates (the "**Firm**") utilize certain procedures ("**Firm Procedures**") to determine the Firm's relationships, if any, to parties that may have a connection to a client debtor. In implementing the Firm Procedures, the following actions were taken to identify parties that may have connections to Debtors POA and AOM, and the Firm's relationship with such parties:

(a) A&M requested and obtained from Debtors POA and AOM extensive lists of interested parties and significant creditors including the officers, directors and executive management of POA, AOM and their affiliate, ESI (collectively, the "**Debtors**"); the Debtors' other professionals; parties to litigation with the Debtors; the Debtors' landlords; the Debtors' banks; the Debtors' utility providers; the Debtors' largest unsecured creditors; and parties to material contracts with the Debtors (together, the "**Potential Parties in Interest**").

(b) A&M then compared the names of each of the Potential Parties in Interest to the names in its master electronic database of the Firm's current and recent clients (the "**Client Database**"). The Client Database generally includes the name of each client of the Firm, the name of each party who is or was known to be adverse to the client of the Firm in connection with the matter in which the Firm is representing such client, the name of each party that has, or had, a substantial role with regard to the subject matter of the Firm's retention, and the names of the Firm professionals who are, or were, primarily responsible for matters for such clients.

---

2 Certain of the disclosures herein relate to matters within the personal knowledge of other professionals at A&M and are based on information provided by such professionals.

- 2 -

7235273_3

   (c) An email was issued to all Firm professionals requesting disclosure of information regarding: (i) any known personal connections between the respondent and/or the Firm on the one hand, and either the Potential Parties in Interest or Debtors POA and AOM, on the other hand,[3] (ii) any known connections or representation by the respondent and/or the Firm of any of the Potential Parties in Interest in matters relating to Debtors POA and AOM; and (iii) any other conflict or reason why A&M may be unable to represent Debtors POA and AOM.

   (d) Known connections between former or recent clients of the Firm and the Potential Parties in Interest were compiled for purposes of preparing this Declaration. These connections are listed in <u>Schedule A</u> annexed hereto.

  3. As a result of the Firm Procedures, I have thus far ascertained that, except as may be set forth herein, upon information and belief, if retained, A&M:

   (a) is not a creditor of Debtors POA and AOM (including by reason of unpaid fees for pre-petition services),[4] an equity security holder of Debtors POA and AOM;

   (b) is not, and has not been, within two years before the date of the filing of the petitions, a director, officer, or employee of Debtors POA and AOM; and

   (c) does not have an interest materially adverse to the interests of the estates of Debtors POA and AOM, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, Debtors POA and AOM, or for any other reason.

---

[3] In reviewing its records and the relationships of its professionals, A&M did not seek information as to whether any A&M professional or member of his/her immediate family has engaged in any ordinary course consumer transaction with any party in interest. If any such relationship does exist, I do not believe it would impact A&M's disinterestedness or otherwise give rise to a finding that A&M holds or represents an interest adverse to the estates of Debtors POA and AOM.

[4] See paragraph 11 below.

7235273_3

4.      As can be expected with respect to any international professional services firm such as A&M, the Firm provides services to many clients with interests in the chapter 11 cases of Debtors POA and AOM. To the best of my knowledge, except as indicated below, the Firm's services for such clients do not relate to the chapter 11 cases of Debtors POA and AOM.

5.      Further, as part of its diverse practice, the Firm appears in numerous cases and proceedings, and participates in transactions that involve many different professionals, including attorneys, accountants, and financial consultants, who represent claimants and parties-in-interest in the chapter 11 cases of Debtors POA and AOM. Further, the Firm has performed in the past, and may perform in the future, advisory consulting services for various attorneys and law firms, and has been represented by several attorneys and law firms, some of whom may be involved in these proceedings. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create interests materially adverse to Debtors POA and AOM in matters upon which A&M is to be employed, and none are in connection with these cases.

6.      To the best of my knowledge, no employee of the Firm is a relative of, or has been connected with the United States Trustee[5] in this district or its employees.

7.      Accordingly, to the best of my knowledge, A&M is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, in that A&M: (i) is not a creditor, equity security holder, or insider of Debtors POA and AOM; (ii) was not, within two years before the date of filing of the Debtors' chapter 11 petitions, a director, officer, or employee of Debtors POA and AOM; and (iii) does not have an interest materially adverse to the

---

5    We note that Kelly Beaudin Stapleton is an employee of A&M's parent company, Alvarez & Marsal Holdings, LLC. Ms. Stapleton was the United States Trustee for Region 3 from January 2005 through May 2008.

- 4 -

7235273_3

interest of the estates of Debtors POA and AOM or of any class of creditors or equity security holders.

8.  If any new material relevant facts or relationships are discovered or arise, A&M will promptly file a supplemental declaration.

## Compensation

9.  Subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, applicable United States Trustee guidelines, and the Local Rules of this Court, A&M will seek from Debtors POA and AOM payment for compensation on an hourly basis and reimbursement of actual and necessary expenses incurred by A&M. A&M's hourly rates as charged in bankruptcy and non-bankruptcy matters of this type by the professionals assigned to this engagement are outlined in the Application (it is noted that these rates are a discount from A&M's customary rates, based on the unique circumstances of Debtors POA and AOM). These hourly rates are adjusted annually.

10. To the best of my knowledge, (i) no commitments have been made or received by A&M with respect to compensation or payment in connection with these cases other than in accordance with applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, and (ii) A&M has no agreement with any other entity to share with such entity any compensation received by A&M in connection with these chapter 11 cases.

11. By reason of the foregoing, I believe A&M is eligible for employment and retention by Debtors POA and AOM pursuant to sections 327(a) (as modified by sections 1107(b)), 328, 330 and 331 of the Bankruptcy Code and the applicable Bankruptcy Rules and Local Rules.

Dated this 29th day of April 2011

By: /s/ Joseph A. Bondi
Managing Director

**Schedule A [Potential connections or related parties]**

**Current and Former Clients of A&M and/or its Affiliates**[1]
Duane Morris Government Affairs LLC
Grant Thornton
Radisson Hotels
Unum Life Insurance Company

**Significant Equity Holders of Current and Former A&M Clients**[2]
Travelers

**Creditors in A&M Engagements**[3]
Pension Benefit Guaranty Corporation
Travelers
Independence Blue Cross
Iron Mountain Records Management
Unum Life Insurance Company

**Professionals & Advisors**[4]
Ballard Spahr Andrews & Ingersoll LLP
Cozen O'Connor
Duane Morris Government Affairs LLC
Grant Thornton

**Significant Joint Venture Partners**[5]
Independence Blue Cross
Radisson Hotels

**Board Members**[6]
H. Edward Hanway
David L. Pennington
Richard Worley
Sheldon Bonovitz

---

[1] A & M and/ or an affiliate is currently providing or has previously provided certain consulting services to these parties or their affiliates in unrelated matters.

[2] These parties or their affiliates are significant equity holders of clients or former clients of A&M or its affiliates in unrelated matters.

[3] A&M is currently advising or has previously advised these parties or their affiliates as creditors or various official creditors' committees in which these parties or their affiliates were members or which represented the interests of these parties or their affiliates.

[4] These professionals have represented clients in matters where A&M was also an advisor (or provided crisis management) to the same client. In certain cases, these professionals may have engaged A&M on behalf of such client.

[5] These parties or their affiliates are significant joint venture partners of other clients or former clients of A&M or its affiliates in unrelated matters.

[6] These persons are believed to be board members of other clients or former clients of A&M or their affiliates in unrelated matters.

1