## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| The Philadelphia Orchestra Association, Inc., *et al.*,[1] | ) | Case No. 11-13098 (ELF) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## MOTION OF AMERICAN FEDERATION OF MUSICIANS AND EMPLOYERS' PENSION FUND FOR ENTRY OF AN ORDER DIRECTING THE EXAMINATION AND PRODUCTION OF DOCUMENTS FROM THE DEBTORS PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

The American Federation of Musicians and Employers' Pension Fund (the "Fund"), by and through its undersigned counsel, hereby moves (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit B**, directing the examination and production of documents from the above-captioned debtors and debtors in possession (collectively, the "Debtors") pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  In support of this Motion, the Fund represents as follows:

### Preliminary Statement

1.    The Debtors are participants in the Fund's pension plan (the "AFM Plan").  The Debtors freely acknowledge that if they were to withdraw from the AFM Plan, they would owe

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are The Philadelphia Orchestra Association (2289), Academy of Music of Philadelphia, Inc. (1159) and Encore Series, Inc. (6689).  The bankruptcy case of Debtor Encore Series, Inc. ("ESI"), which, on April 20, 2011, this Court ordered was to be jointly administered with the cases of the The Philadelphia Orchestra Association and Academy of Music of Philadelphia, Inc. [*Docket No. 33*], the Court on May 2, 2011 severed from such cases [*Docket No. 85*] and Debtor ESI's case is now being administered as Case No. 11-13100 in the Bankruptcy Court of the Eastern District of Pennsylvania.

the Fund at least $23 million in withdrawal liability, making the Fund by far the Debtors' largest

creditor. *See Declaration of Richard B. Worley in Support of First Day Motions* ¶ 32.

2.      By the Motion, the Fund is seeking information from the Debtors that will permit

the Fund to determine the nature, extent and validity of its claims and evaluate and, pursue every

potential recovery on account its claim against the Debtors, including from the Debtors'

endowments, grants, donations, bequests and pledges.

<u>Background</u>

3.      On April 16, 2011, the Debtors filed voluntary petitions for relief under chapter

11 of the Bankruptcy Code, commencing these cases (the "<u>Chapter 11 Cases</u>").  The factual

background relating to the Debtors' commencement of these Chapter 11 Cases is set forth in the

*Declaration of Richard B. Worley in Support of First Day Motions* [*Docket No. 12*] filed on

April 17, 2011.

4.      On May 3, 2011, the Office of the United States Trustee (the "<u>UST</u>") appointed

an official committee of unsecured creditors (the "<u>Committee</u>").  The UST appointed the Fund to

the Committee.

5.      Under the terms of various collective bargaining agreements and agreements

relating to the AFM Plan, the Debtors are contributing employers to the AFM Plan.  To the

extent that the Debtors withdraw from the AMF Plan, the Debtors will incur significant

withdrawal liability under the Multiemployer Pension Plan Amendments Act (the "<u>Withdrawal

Liability Claims</u>" and, together with any other contributions, obligations,  or other prepetition

and post petition administrative expenses and claims owed by the Debtors to the Fund, the

"<u>Fund's Claims</u>").  Therefore, the Fund requires the information sough herein to determine how

the Fund's Claims may be satisfied, including whether such satisfaction may be from the

2

Debtors' endowments, donations, gifts, pledges or any related restricted account asset held by the
Debtors.

## Jurisdiction and Venue

6.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and
1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The relief requested by the
Motion is predicated upon sections 105(a) and 1103(c) of the Bankruptcy Code and Bankruptcy
Rule 2004.

## Relief Requested

7.     By this Motion, the Fund seeks this Court's direction to the Debtors to produce to
the Fund (a) documents in the following broad categories (as set forth in detail on **Exhibit A**
hereto):  (i) organizational and governance documents, including documents relating to the
Debtors' boards; (ii) documents relating to any trust, entity or organization holding endowments,
donations, gifts, pledges, bequests or any related restricted account asset; (iii) financial
documents and business plans; and (iv) communications relating to the foregoing and (b) a
witness who can address these subjects.

## Basis for Relief

8.     Bankruptcy Rule 2004(a) provides, in relevant part, that "[o]n motion of any party
in interest, the court may order the examination of any entity."  Fed. R. Bankr. P. 2004(a).  Rule
2004(c) provides that "the production of documentary evidence may be compelled in the manner
provided in Rule 9016," which permits the issuance of a subpoena.  *See* Fed R. Bankr. P.
2004(c).

9.     The scope of a Rule 2004 examination is "unfettered and broad." *In re Wash.*
*Mut., Inc.*,  408 B.R. 45, 49 (Bankr. D. Del. 2009); *see also, e.g.* 9 Collier on Bankruptcy ¶

3

2004.02[1] at 2004-6 (15th ed. rev'd 2004).  Examinations under Rule 2004 include within their

scope, *inter alia*, any matter that may relate to the property and assets of the estate; the liabilities

of the debtor; and any matter that may affect the administration of a debtor's estate. See Fed. R.

Bankr. P. 2004(b).

10.    Courts have consistently recognized that the extraordinarily broad scope of

discovery under Fed. R. Bankr. P. 2004 is considerably broader than the scope of discovery

under Rule 26 of the Federal Rules of Civil Procedure.  *See, e.g.*, *In re Valley Forge Plaza

Assocs.*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990) ("The scope of a R. 2004 examination is even

broader than that of discovery permitted under the F.R.Civ.P., which themselves contemplate

broad, easy access to discovery.") (citations omitted).  Indeed, Rule 2004 "permits a party

invoking it to undertake a broad inquiry of the examiner, in the nature of a 'fishing expedition.'"

*Id.* at 674 (Bankr. E.D. Pa. 1990) (citations omitted); *see also, e.g., In re Mezvinsky*, 2000 WL

33950697, at * 6 (Bankr. E.D. Pa. 2000) (noting that "the scope of inquiry permitted under a

Rule 2004 examination is generally very broad" and "that such inquiry can 'legitimately be in

the nature of a fishing expedition'") (internal citations and quotations omitted);  *In re Drexel

Burnham Lambert Group, Inc.*, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) ("The understanding

generally acceptable today is that the scope of a Rule 2004 examination is very broad. . . . It can

legitimately be compared to a fishing expedition. It can net the dolphins as well as the tuna ...")

(citations omitted); *In re Larkham*, 24 B.R. 70, 71-72 (Bankr. D. Vt. 1982) ("[A]n examination

under Bankruptcy Rules is in the nature of an inquisition and, consequently, the field of inquiry

is wide ..."); *In re GHR Energy Corp.*, 33 B.R. 451, 453-54 (Bankr. D. Mass. 1983) (noting that

Rule 2004 is "peculiar to bankruptcy law and procedure because it affords few of the procedural

safeguards that an examination under Rule 26 of the Federal Rules of Civil Procedure does.").

4

11.     By this Motion, the Fund is making specific requests from the Debtors relating to, among other things, the use of certain gifts, donations, bequests, endowments, and other related monies the Debtors may deem restricted, as it relates to the Debtors' day-to-day business operations.

12.     Because of the complexity of these issues, it is important the Fund's analysis of the Fund's Claims and the Fund's review of the information sought herein commence quickly to allow the Fund and its advisors sufficient time to study these issues.   Delay just creates additional costs, not only for the Fund, but for the Debtors' estates.  It is vital that the Fund be provided with access to the documents and an opportunity to examine the Debtors regarding the subjects of the documents.

13.     The Fund reserves the right to supplement these requests for additional information and documents as necessary.

5

**WHEREFORE,** the Fund requests that the Court enter an order in form attached as

**Exhibit B** requiring the Debtors to produce documents responsive to the requests, including, but

not limited to, those set forth in **Exhibit A**, requiring the Debtors to produce to the Fund a

witness who can address the subjects of the documents and granting the Fund such other and

further relief as this Court finds just, proper and equitable.

Dated: June 27, 2011
    Philadelphia, Pennsylvania

/s/ Regina C. Hertzig
**CLEARY & JOSEM LLP**
Regina Hertzig, Esq.
Co-Counsel for the American Federation of
Musicians and Employers' Pension Fund
One Liberty Place, 51st Floor
1650 Market Street
Philadelphia, Pennsylvania 19103
Telephone Number: (215) 735-9099
Facsimile Number: (215) 640-3201
Email: rhertzig@clearyjosem.com

-and-

**PROSKAUER ROSE LLP**
Lead Bankruptcy and ERISA Counsel for
the American Federation of Musicians and
Employers' Pension Fund
Three First National Plaza
70 West Madison, Suite 3800
Chicago, IL 60602-4342
Attn:   Mark K. Thomas, Esq. &
       Peter J. Young, Esq.
Telephone Number: (312) 962-3550
Facsimile Number: (312) 962-3551
Email: mthomas@proskauer.com
      pyoung@proskauer.com

-and-

**PROSKAUER ROSE LLP**
Lead Bankruptcy and ERISA Counsel for
the American Federation of Musicians and
Employers' Pension Fund
Eleven Times Square

6

New York, NY 10036-8299
Attn:   Richard J. Corbi, Esq.
Telephone Number: (212) 969-3000
Facsimile Number: (212) 969-2900
Email:  rcorbi@proskauer.com

-and-

**LOWENSTEIN SANDLER, P.C.**
Special Counsel for the American
Federation of Musicians and Employers'
Pension Fund
65 Livingston Avenue
Roseland, NJ 07068
Attn:   Sharon L. Levine, Esq.
        S. Jason Teele, Esq.
Telephone Number: (973) 597-2500
Facsimile Number: (973) 597-2400
Email: slevine@lowenstein.com
        steele@lowenstein.com

1076/11131-035 current/23614675v6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion for an Order Directing Examination and Production of Documents Pursuant to Federal Rule of Bankruptcy Procedure 2004 was served on this 27th day of June, 2011, by email, facsimile or first class mail as indicated on the attached service list.

Lawrence G. McMichael, Esquire
Anne M. Aaronson, Esquire
Catherine G. Pappas, Esquire
Dilworth Paxson LLP
1500 Market Street, Suite 3500 E
Philadelphia, PA  19102

Office of the United States Trustee
Attention:  Dave P. Adams
833 Chestnut Street – Suite 500
Philadelphia, PA   19107

Alvarez & Marsal North America LLC
600 Lexington Avenue, 6th Floor
New York, NY   10022

Curley, Hessinger & Johnsrud LLP
2000 Market Street, Suite 2850
Philadelphia, PA   19103

Deloitte Financial Advisory Services LLP
1700 Market Street
Philadelphia, PA   19103

Alan M. Feld on behalf of Creditor
The Annenberg Foundation
Sheppard Mullin Richter & Hampton LLP
333 South Hope Street, 43rd Floor
Los Angeles, CA   90071

Morgan Lewis & Bockius
1701 Market Street
Philadelphia, PA   19103

Stephen M. Packman
Archer & Greiner, PC

One Centennial Square
Haddonfield, NJ   08033

Reed Smith LLP
1650 Market Street
Philadelphia, PA   19103

Ricoh Business Solutions
3920 Arkwright Road, Suite 400
Macon, GA   31210

The Garden City Group, Inc.
1985 Marcus Avenue, Suite 200
Lake Success, NY   11042

David Ulich on behalf of the Creditor
The Annenberg Foundation
1901 Avenue of the Stars, 16th Floor
Los Angeles, CA   90067

/s Regina C. Hertzig

## EXHIBIT A

[Requests from the Debtors]

The Fund seeks authorization to obtain from the Debtors the following:

1.      A copy of any articles of incorporation of the Debtors.

2.      A copy of the bylaws of the Debtors and a list of all current members of the Debtors.

3.      A list of all current board members, directors, trustees, agents, and employees of the Debtors, and of any trust, entity or organization holding endowments, donations, gifts, pledges, bequests or any related restricted account asset, along with records sufficient to show in each case how the current board members, directors, or trustees of each came to office, how board members, directors, or trustees are removed, and how new board members, directors, or trustees are designated and the names of all persons or entities who have the power to remove and/or designate board members, directors, or trustees.

4.      The agenda for, and the minutes of, and all packets of materials distributed to Board members for all meetings of the Board of Directors.

5.      The most recently prepared balance sheet and income statement for each of the Debtors as well as the most recent business plans prepared by the Debtors.

6.      All emails, faxes, texts, blackberry messenger messages, instant messages or other electronic communications (the "Electronic Communications") to and from the CEO, COO and CEO relating in any way to (i) the management of the orchestra; (ii) the funding of the orchestra; (iii) any fundraising, solicitations of donations, endowments of the orchestra; (iv) the collective bargaining agreement between the Debtors and the musicians; (v) the pension plans, contributions to the pension plans, or any current or potential liability to the pension plans; (vi) the endowment of the orchestra; (vii) funding for any arts programs; (viii) the daily operations of the orchestra; (ix) the projections for the future viability of the orchestra; and (x) any and all budgetary issues.  "To and from" in this and similar requests includes any emails in which the sender was the sender or the recipient (whether addressee, cc, or bcc).

7.      Copies of each of the Debtors pension, health, deferred compensation, profit-sharing plans or programs, bonus, retirement, incentive compensation, severance and other employee benefit plans or agreements.

8.      All actuarial reports relating to each or any of the Debtors' pension, health, deferred compensation, profit-sharing plans or programs, bonus, retirement, incentive compensation, severance and other employee benefit plans or agreements.

9.      Copies of all Forms 5500.

10.     List of any withdrawals from plan assets.

11.    Records relating to each of the Debtors' pension plans, including, without limitation, the AFM Plan and their respective status and funding not previously requested.

12.    Copies of all of the Debtors' collective bargaining agreements and amendments and modifications.

13.    Records relating to the number of endowed chairs for the Debtors and funds related thereto.

14.    Lists, summaries and copies of all donations, bequests, gifts, pledges and endowments.

15.    Records relating to any fundraising campaigns, including, total funds received, expenditures of those funds, where any remaining sums are currently being held, and any documents relating to any restrictions the Debtors contend to apply to the remaining funds.

16.    A listing of all donations of cash or securities to the Debtors, and the policies and procedures in connection with those cash or securities donations.

17.    Records relating to the most recent, if any, audited consolidated financial statements of each of the Debtors.

18.    Policies and procedures of the Debtors concerning the restrictions and limitations on the use of any funds constituting investments.

19.    Policies and procedures of the Debtors concerning donations from bequests.

20.    Documents relating to any endowments, gifts, donations, pledges and any and all policies and procedures of the Debtors concerning the endowments, gifts, donations and pledges.

21.    The organizational documents of any trust, entity or organization holding endowments, donations, gifts, pledges, bequests, or any related restricted account asset, and all other records related to the ownership, governance, structure, form, powers and activities of such trusts, entities, or organizations.

22.    Evidence of the tax-exempt status of the Debtors and any trust, entity or organization holding endowments, donations, gifts, pledges, bequests, or any related restricted account asset.

23.    Copies of all insurance policies and worker's compensation rates for each of the Debtors.

24.    Copies of any documents regarding intercompany transactions (if any) or intercompany guarantees (if any) between each Debtor.

25.    Copies of any documents relating to transfer of assets between each Debtor.

2

26.    Lists of any operating account(s) for each of the Debtors and accounting entries to record deposits and withdrawals by each Debtor entity from the operating account(s).

3

**<u>Exhibit B</u>**

**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| The Philadelphia Orchestra Association, Inc., | ) | Case No. 11-13098 (ELF) |
| *et al.*,[1] | ) | |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER REQUIRING RULE 2004**
**EXAMINATION AND PRODUCTION OF DOCUMENTS**

Upon the Motion for an Order Directing Examination and Production of Documents Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure 2004 (the "Motion")[2] filed by the Fund; it appearing that the Court has jurisdiction over this matter pursuant to 11 U.S.C. §§157 and 1334; it appearing that this is a core proceeding pursuant to 28 U.S.C. §157(b)(2); it appearing that venue is proper pursuant to 28 U.S.C. §§1408 and 1409; notice of this Motion and the opportunity for a hearing on this Motion was appropriate under the particular circumstances; and upon due deliberation and sufficient cause appearing therefore, it is hereby **ORDERED** that

1.      The Motion is granted in its entirety; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are The Philadelphia Orchestra Association (2289), Academy of Music of Philadelphia, Inc. (1159) and Encore Series, Inc. (6689).  The bankruptcy case of Debtor Encore Series, Inc. ("ESI"), which, on April 20, 2011, this Court ordered was to be jointly administered with the cases of the The Philadelphia Orchestra Association and Academy of Music of Philadelphia, Inc. [*Docket No. 33*], the Court on May 2, 2011 severed from such cases [*Docket No. 85*] and Debtor ESI's case is now being administered as Case No. 11-13100 in the Bankruptcy Court of the Eastern District of Pennsylvania.

[2] Each capitalized term used but not otherwise defined herein shall have the meaning ascribed thereto in the Motion.

2.      The Debtors shall produce to the Fund documents requested by the Motion, listed in **Exhibit A** thereto, on a rolling basis, commencing no later than one week following the date of this Order, at a location to be determined by the Fund, and shall, at a time to be agreed upon between the Debtors and the Fund, produce to the Fund a witness to address the subjects relating to the documents.

Dated:_____

_____
United States Bankruptcy Judge

1076/11131-035 current/23614675v6