UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| THE PHILADELPHIA ORCHESTRA ASSOCIATION, | : | Bky. No. 11-13098 ELF |
| | : | |
| ACADEMY OF MUSIC OF PHILADELPHIA, INC., | : | |
| | : | JOINTLY |
| Debtors | : | ADMINISTERED |
| | : | |

# O R D E R

AND NOW:

A. The American Federation of Musicians & Employers' Pension Fund ("the Pension Fund") having filed a Motion for Entry of an Order Directing the Examination and Production of Documents Pursuant to Rule 2004 ("the Motion") (Doc. # 206), requesting, inter alia, that the Debtor, The Philadelphia Orchestra Association ("the Debtor"), produce a volume of documents for inspection;

B. The Debtor having objected to the scope and timing of the requests for production of documents ("the RPD") attached as Exhibit "A" to the Motion (see Doc. # 248);

C. The court having held an evidentiary hearing on **July 21, 2011**;

D. Fed. R. Bankr. P. 2004 being designed to permit interested parties to "discover[] assets, examin[e] transactions, and determin[e] whether wrongdoing has occurred," In re Washington Mut., Inc., 408 B.R. 45, 50 (Bankr. D. Dela. 2009) and the scope of an examination under rule being characterized universally by courts as broad, see, e.g., In re Drexel Burnham Lambert Group, Inc., 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) (analogizing Rule 2004 examination to an authorized "fishing expedition" that may "net the dolphins as well as the

tuna");

E.  The bankruptcy court, nevertheless, being obliged to strike a balance between the parties'
competing interests and being accorded broad discretion to consider the totality of the
circumstances in determining the permissible scope of a Rule 2004 examination, see In re
Countrywide Home Loans, Inc., 384 B.R. 373, 393 (Bankr. W.D. Pa. 2008), appeal
dismissed, 2008 WL 2388285 (W.D. Pa. Jun 11, 2008) (court should employ a "sliding scale,"
comparing the creditor's need for the requested information with the level of potential
intrusiveness involved); accord Drexel Burnham, 123 B.R. at 712 ("That documents meet the
requirement of relevance does not alone demonstrate that there is good cause for requiring
their production"); see also In re Irwin, 2010 WL 4976226, at *3 & n.7 (Bankr. E.D. Pa. Dec.
2, 2010) (in the interest of economy, requiring the production of discovery under Rule 2004
to proceed in a sequential fashion);

E.  Based on the record made at the **July 21, 2011** hearing and after balancing the competing
interests, the court concluding that it is appropriate to attempt to fashion a sequential
discovery process that does not impose an undue burden on the Debtor, but that will
nonetheless provide relevant information to the Pension Fund in a timely fashion (taking into
account the potential for litigation in the near future that may have to be completed within a
compressed time frame);

It is therefore, **ORDERED** that:

1. The Motion is **GRANTED IN PART AND DENIED IN PART**.

2. The Debtor shall provide discovery to the Pension Fund as provided below.

3. Initially, the parties shall attempt to reach an agreement on the terms of a written confidentiality agreement governing the production of documents by the Debtor to the Pension Fund. Should they fail to reach such an agreement **on or before 1:00 p.m. on July 25, 2011**:

    a. the court will conduct a telephone hearing at **4:00 p.m. on July 25, 2011** to resolve the dispute;[1]

    b. at least one hour prior to the telephone hearing, each party shall file their respective, proposed versions of the confidentiality agreement.

4. **On or before July 27, 2011**, the Debtor shall provide the Pension Fund with a log of those documents ("the Produced Documents") that the Debtor has provided to Local 77, American Federation of Musicians, the Pension Benefit Guaranty Corporation, the Official Committee of Unsecured Creditors and Encore Series, Inc.

5. **On or before August 1, 2011**, the Debtor shall provide the Pension Fund with those Produced Documents that also are responsive to the RPD.

6. **On or before August 5, 2011**, the Pension Fund shall file a statement ("the Supplemental RPD"):

    a. identifying those categories of documents requested in the RPD that it considers outstanding and still seeks;

    b. listing any new categories of documents, not previously requested, that it now seeks; and

    c. the date by which it expects production of the documents.

7. The Debtor shall file all written objections it wishes to assert to the Supplemental RPD **on or**

---

[1] The parties may contact the Courtroom Deputy to work out the logistics of the telephone conference call. If the parties utilize the court's conference line, it can accommodate five other callers.

**before 12:00 p.m. on August 9, 2011**.

8. A hearing, if necessary, shall be held to consider the Debtor's objections to the Supplemental RPD on **August 10, 2011, at 11:00 a.m.**

9. Prior to the hearing, the Debtor shall attempt to obtain estimates from qualified information technology professionals for the cost of retrieving those electronic documents that are responsive to RPD No. 6 for the period January 1, 2009 through April 15, 2011.

Date: July 25, 2011

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**